UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ILENE M. TOGNINI | ) | Case No. 10-20157-SSM |
| DANIEL O. TOGNINI | ) | Chapter 12 |
| | ) | |
| Debtors | ) | |

**MEMORANDUM OPINION**

Before the court is the debtors' request for confirmation of their chapter 12 family farmer repayment plan. Although no party in interest has objected to confirmation, the court raised sua sponte the issue of whether the plan could properly provide for payment of a "crammed-down" mortgage loan secured by the debtors' real property over a period exceeding the maximum five-year plan period that is applicable in chapter 12 cases. The court took that issue under advisement and granted the debtors' attorney an opportunity to submit a post-hearing brief, which he has done. For the reasons stated, the plan will be confirmed.

Background

Ilene M. Tognini and Daniel O. Tognini ("the debtors") are husband and wife who operate a horse farm. They filed a joint voluntary petition in this court on December 3, 2010, for adjustment of their debts as family farmers under chapter 12 of the Bankruptcy Code. Among the assets listed on their schedules was real property located at 22291 Newlin Mill Road, Middleburg, Virginia. The property is valued on their schedules at $400,000, subject to a first-

1

lien deed of trust securing "Bank of America" in the amount of $400,000, and a second-lien deed of trust securing CitiMortgage, Inc. in the amount of $100,000.[1]

On March 16, 2011, the debtors filed the plan and related motions that are currently before the court.[2] Under the plan, the debtors would pay the chapter 12 trustee $350 per month for 36 months, for a total of $12,600. The plan values the secured interest of BAC Home Loans Servicing in the Newlin Mill Road property at $400,000, and the secured interest of CitiMortgage at zero. Plan § 3(A). The trustee would pay BAC $400,000, with interest at 4.25% per annum, over 360 months, in monthly installments specified only as "pro rata."[3] Plan § 3(D). CitiMortgage would be paid only as an unsecured creditor, with the estimated dividend being two cents on the dollar. Plan § 4(A). A separate adversary proceeding would be brought to "strip off" CitiMortgage's deed of trust as wholly unsecured. Plan § 7(B).

## Discussion

Chapter 12 allows a family farmer or family fisherman to propose and obtain confirmation of a plan that restructures debts and repays creditors over time. A plan may modify

---

[1] The actual holder of the note secured by the first deed of trust appears to be The Bank of New York Mellon, which filed a proof of claim (Claim No. 8) through its servicing agent, BAC Home Loans Servicing, LP, in the amount of $433,720.09. CitiMortgage, Inc., filed a proof of claim (Claim No. 7) in the amount of $100,601.15.

[2] Although there is no prescribed form of chapter 12 plan in this district, the debtors have followed the format of the standard form of chapter 13 plan that has been adopted both in this district and the Western District of Virginia. The plan was served on the Bank of New York Mellon in care of BAC Home Loans Servicing, LP, at the address shown in the proof of claim.

[3] The monthly payment amount necessary to pay $400,000 with interest at 4.25% over 30 years is $1,976.76. This amount far exceeds the amount the debtors propose to pay the trustee, but counsel for the debtors advised at the hearing that the actual intent was for the debtors to make the monthly payment on the reamortized mortgage themselves, even though the plan states that it would be made by the trustee.

the rights of a secured creditor, § 1222(b)(2), Bankruptcy Code, but, unless the debtor surrenders the collateral, or unless the creditor has accepted less favorable treatment, the plan must provide that the creditor retain the lien securing its claim and receive payments having a present value equal to its allowed secured claim. § 1225(a)(5)(B), Bankruptcy Code. With certain exceptions not applicable here, a claim is secured in bankruptcy only to the extent of the value of the debtor's interest in the collateral and is otherwise an unsecured claim. § 506(a), Bankruptcy Code. Relevant to the present discussion, a plan may not provide for payments over a period exceeding three years unless the court approves a longer period, but the court may not approve a period that is longer than five years. § 1222(c), Bankruptcy Code.

The issue raised by the court at the confirmation hearing was, in light of the maximum five year plan duration specified in § 1222(c), Bankruptcy Code, could the plan provide for payment of a restructured mortgage claim over a period of thirty years?[4] If this case had been filed under chapter 13, which has a similar five-year limit on plan duration, instead of chapter 12, the answer would clearly appear to be no. *In re Russell,* 2010 WL 2671496 (Bankr. E.D. Va. June 30, 2010), *motion for leave to appeal denied sub nom. Russell v. Bank of New York Mellon,* 2010 WL 5300882 (E.D. Va. Dec. 21, 2010). The debtors point out, however, that chapter 12 includes language that has no counterpart in chapter 13:

> the plan may . . . provide for payment of allowed secured claims consistent with section 1225(a)(5) of this title, *over a period exceeding the period permitted under section 1222(c)[.]*

---

[4] The proof of claim filed by The Bank of New York Mellon reflects that the secured note, dated June 19, 2006, was in the original principal amount of $399,730.00, with interest at 6.875% per annum, and due in full in 30 years. The note is payable during the first 10 years in interest-only installments of $2,290.12, following which payments would rise to $3,069.19 in order to fully amortize the principal over the remaining 20 years of the loan.

§ 1222(b)(9), Bankruptcy Code (emphasis added). Section 1225(a)(5), as noted, allows a plan to pay a secured creditor the value of its collateral over time, as long as the deferred payments have a present value equal to the value of the collateral. The present value requirement is satisfied by the payment of interest at a rate sufficient to account for the time value of money. *In re Birdneck Apartment Assocs. II, L.P.*, 156 BR 499, 507 (Bankr. E.D. Va. 1993) (explaining that the concept of present value may be expressed as follows: "a dollar in hand today is worth exactly the same as (1) a dollar to be received a day, a month or a year hence plus (2) the rate of interest which the dollar would earn if invested at an appropriate interest rate.").[5] At least two decisions at the Court of Appeals level recognize that secured debts may be paid in chapter 12 over a longer period than five years provided the requirements of § 1225(a)(5) are met. *Travelers Ins. Co. v. Bullington*, 878 F.2d 354, 357 (11th Cir. 1989) (30 year payout of reamortized mortage loan permitted in chapter 12); *In re Fortney*, 36 F.3d 701, 704-705 (7th Cir. 1994) (recognizing that chapter 12 plan could properly pay mortgage claim over 20 years while paying secured real estate tax claim over three years). Although the Fourth Circuit has yet to rule, at least one lower court within the circuit has so stated. *In re Hart*, 90 B.R. 150, 153 (Bankr. E.D. N.C. 1988) ("Although the payment of unsecured claims in a chapter 12 . . . plan is subject to the same 3 year (or 5 year with court approval) limitation that exists in chapter 13, there is no statutory limit

---

[5] Since Bank of New York Mellon has not objected to the 4.5% interest rate provided by the plan, the court has no occasion to determine whether the so-called "formula rate" approach adopted by the Supreme Court for secured debts being paid over a three to five-year period in chapter 13 is appropriate in the context of a loan being paid over a thirty-year period. *Till v SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004) (holding that "prime-plus" or "formula" rate, rather than "coerced loan" rate, was appropriate interest rate to be applied to crammed-down automobile loan in chapter 13 case).

in chapter 12 on the length of time over which secured claims may be paid."). Accordingly, the court concludes that the plan's 30-year amortization of the crammed-down mortgage loan serviced by BAC Home Loans Servicing is consistent with, and permitted by, the Bankruptcy Code.

A separate order will be entered confirming the plan.

Date: _____        _____
                                       Stephen S. Mitchell
Alexandria, Virginia                   United States Bankruptcy Judge


Copies to:

Ilene M. Tognini
Daniel O. Tognini
22291 Newlin Mill Road
Middleburg, VA 20117
Debtors

Jeffery T. Martin, Jr., Esquire
Henry & O'Donnell, P.C.
300 N. Washington St.
Suite 204
Alexandria, VA 22314
Counsel for the debtors

Thomas P. Gorman, Esquire
300 N. Washington St. Ste. 400
Alexandria, VA 22314
Chapter 13 trustee